William C. Hecht, Jb.., J.
Plaintiff seeks an order setting aside the bulk sale of the assets of Kohn & Son Co., Inc., to Fred Kohn Fur Corp., also a defendant herein, as purchaser under the bulk sale contract.
The action instituted by plaintiff is based on two promissory notes made by Kohn & Son Co., Inc., and delivered to plaintiff for goods sold and delivered. The notes were not due at the time of the bulk sale.
The sale is conceded, but defendants contend that it was made pursuant to an agreement between the majority of the creditors of Kohn & Son Co., Inc. These creditors, it is alleged, realizing that Kohn & Son Co., Inc., was unable to pay the full amount of all claims owed by it, agreed to accept sums equal to 35% of their claims in full settlement thereof. The price paid by the purchaser under the bulk sale yielded sufficient to pay the said 35% to creditors and the purchaser agreed also to be responsible for priority claims, taxes and other obligations. Plaintiff was not a party to the agreement and is seeking in the action to recover the full amount owed to it by Kohn & Son Co., Inc.
The creditors’ agreement was not made pursuant to a court order or arrangement under the Debtor and Creditor Law as an assignment for benefit of creditors. Even if it were, an assignment under article 2 of the Debtor and Creditor Law does not discharge the debtor; he continues to remain liable for the unpaid balance of the debt, and the creditor may pursue such remedies to compel payment of the balance as may be available, unaffected by the general assignment. An article 2 assignment applies to a debtor, who, without the concurrence of his creditors, assigns his property (Kay Mfg. Corp. v. Weiss, 168 N. Y. S. 2d 330).
The action here is for a personal judgment on the notes against the maker and the transferee of the property under the Bulk Sales Law. In pursuing such action plaintiff is not entitled to the summary relief which it seeks by way of this application.
*896 In Brooklyn Packing Co. v. Zasloff (18 N. Y. S. 2d 443) the court stated at page 446: ‘1 Plaintiff was not obligated to accept a lesser sum from the defendant for its claim, but in a proper forum with equitable jurisdiction could institute a creditor’s action to set aside the sale against the transferee
Accordingly, this motion is denied, without prejudice to any other action plaintiff may be advised to take under the circumstances.